IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| TAMMIE ANDERSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| VS. : | |
| : | 1 : 13-CV-70 (WLS) |
| CAROLYN COLVIN, : | |
| Acting Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on April 23, 2013, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial

evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff protectively filed applications for disability benefits and Supplemental Security Income benefits in February 2009, alleging disability since December 24, 2006.  (T- 139-149, 179).  Her claims were denied initially and upon reconsideration.  (T – 67-70).  A hearing was held before an ALJ in May 2011.  (T-40-66).  Thereafter, in a hearing decision dated September 6, 2011, the ALJ determined that the Plaintiff was not disabled.  (T- 19-39).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-1-6).

*Statement of Facts and Evidence*

The Plaintiff was 43 years of age at the time of the ALJ's decision.  (T – 179).  Plaintiff alleges disability since December 24, 2006, due to cervical and lumbar disc herniation, arthritis, anxiety, asthma, and emphysema.  (T – 179, 202).  Plaintiff completed the tenth grade and has past relevant work experience as a secretary/customer service representative and an accounting/parts room clerk.  (T- 29, 203, 206).  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative disc disease, chronic obstructive pulmonary disease, and a mood disorder.  (T – 24).  The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity with certain exceptions.  (T – 25-26).  The ALJ relied on the Medical Vocational Guidelines (the "Grids") and the testimony of a Vocational Expert to determine that although the Plaintiff could not return to her past relevant work, the Plaintiff remained capable of performing other jobs that existed in significant numbers

in the national economy and thus was not disabled.   (T- 31).

## DISCUSSION

*Residual functional capacity*

The Plaintiff asserts that the ALJ erred in determining her residual functional capacity, specifically in that the ALJ erred in evaluating Plaintiff's mental and physical limitations, by failing to evaluate or weigh the findings of examining consultants, misrepresenting and discounting the findings of treating physicians, and relying on the Agency physicians' opinions.   The ALJ determined that

> [a]fter careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work . . . with exceptions. She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk six hours in an eight-hour workday.   The claimant can occasionally climb ramps, climb stairs, balance, stoop, crawl, and kneel.   She can never climb ladders, ropes, or scaffolds.   The claimant can frequently reach, handle, and finger.   She can perform simple tasks requiring only occasional social interactions (due to caregiver/grief situation).   The claimant must avoid concentrated pulmonary irritants and unusual hazards such as unprotected heights (in case of distraction).

(T – 26).

The Plaintiff asserts that the ALJ erred in relying on the opinions of certain consultative physicians while rejecting others, and engaged in picking and choosing those elements of the medical opinions that supported the ALJ's conclusions.   Specifically, the Plaintiff points to:   1) the findings of Dr. Frady, who examined the Plaintiff in April 2008 and diagnosed possible mild dementia, major depressive disorder, and borderline intellectual functioning; 2) the findings of consultative examiner Dr. Cerjan regarding Plaintiff's diminished processing speed; and, 3) limitations regarding Plaintiff's ability to interact socially, and asserts that these pieces of evidence and opinions were not adequately addressed by the ALJ.   The Commissioner concedes that the ALJ did not directly discuss the findings of consultative examiner Dr.

3

Frady, did not specifically discuss consultative examiner Dr. Cerjan's finding that Plaintiff's processing speed was significantly diminished, and did not include social interaction limitations in his hypotheticals to the Vocational Expert.  However, the Commissioner asserts that the ALJ adequately addressed and evaluated the medical findings regarding Plaintiff's mental impairments and that any errors were harmless.

In regard to the findings of consultative examiners, the ALJ is not bound by their findings, but must consider their opinions when making a disability determination.  20 C.F.R. § 404.1527(d).  As asserted by the Plaintiff, and conceded by the Commissioner, the ALJ did not discuss the findings of consultative examiner Dr. Frady, who opined in April 2008 that the Plaintiff suffered from mild dementia, major depressive disorder, and borderline intellectual functioning, and had a "guarded" prognosis "due to the intensity of her affective symptoms, memory impairment, and chronic pain." (T – 463).  Nor did the ALJ discuss the findings of Dr. Lynde, who examined the Plaintiff in September 2009 and determined that the Plaintiff suffered from chronic pain syndrome, with pain in her back, legs, shoulders and arm, degenerative joint disease, and decreased grip and pinch strength. (T – 794-99).

The Eleventh Circuit has clearly stated that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. . . . [and] when the ALJ fails [to do so], we will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'"  *Winschel v. Comm'r. of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).  "Pursuant to *Winschel*, whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion

requiring the ALJ to state with particularity the weight given to it and the reasons therefore." *Baker v. Comm'r. of Social Sec.*, 2013 WL 4774634 *5 (M.D.Fla. Sept. 4, 2013); *see also Wasser v. Comm'r. of Social Security*, 2014 WL 116988 (M.D.Fla. Jan. 13, 2014) ("Although a consultative examiner who examines a claimant on only one occasion is not entitled to [the] deference of a treating physician, under *Winschel*, the ALJ still must set forth with particularity the weight [he] assigned to this opinion and the rational for the rejection of the most significant findings."). "[W]ithout clearly articulated grounds for [the ALJ's decision], [the Court] cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence", requiring that this matter be reversed and remanded. *Winschel*, 631 F.3d at 1179.

Moreover, "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). Although the ALJ specifically found that the Plaintiff was limited to a residual functional capacity involving "simple tasks requiring only occasional social interactions", the ALJ did not include such limitation in his hypotheticals to the Vocational Expert. (T - 57-61). Thus, it does not appear that the limitation involving social interaction was adequately presented in the hypothetical questions.

The ALJ did not err in failing to specifically discuss processing speed limitations in Plaintiff's residual functional capacity assessment, or in the assignment of less weight to consultative examiners Macri and Drury's opinions. The ALJ is not required to discuss every piece of evidence or aspect of a medical opinion. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). The ALJ did discuss the Plaintiff's IQ score, which encompassed the processing speed issues. (T – 27, 752). The ALJ provided detailed and adequate reasons, supported by substantial evidence, to discount Drs. Macri and

Drury's opinions, as these opinions of disability were inconsistent with significant parts of the record. (T – 29).

*Credibility determination*

The Plaintiff also asserts that the ALJ erred in evaluating her credibility. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff can be deemed disabled. If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ determined that

> [a]fter careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these

>symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(T – 28).

The Plaintiff argues that the ALJ's findings regarding her daily activities are not supported by substantial evidence, as Plaintiff's testimony reveals a more limited range of activity than that described by the ALJ and used to discredit Plaintiff's accounts of disabling limitations.

In light of the identified errors in the ALJ's determination of the Plaintiff's residual functional capacity, Plaintiff's credibility should be reevaluated after a full consideration of all medical opinions in the record.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED and REMANDED** pursuant to Sentence Four of § 405(g).   On remand, the ALJ must evaluate and assign appropriate weight to all medical opinions in the record, and must evaluate the Plaintiff's credibility thereafter.    Furthermore, the ALJ must include all of Plaintiff's limitations in setting forth hypotheticals to any Vocational Expert.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 29th day of April, 2014.

>s/  **THOMAS Q. LANGSTAFF**
>**UNITED STATES MAGISTRATE JUDGE**

asb